UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELTON T. MCDANIELS,<br><br>    Petitioner,<br><br>    v.<br><br>HEATHER SHIRLEY,<br><br>    Respondent. | Case No. 22-cv-02043-VC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 15 |

    Shelton T. McDaniels has filed a petition for a writ of habeas corpus under 28 U.S.C. section 2254. Dkt. No. 1. McDaniels has filed a motion requesting that the court appoint him an attorney to handle his case. Dkt. No. 15. He explains that he is indigent and unable to afford counsel. *Id.* at 1.

    The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, Federal

Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196.

The interests of justice do not warrant the appointment of counsel at this time because the issues do not appear complex, and the claims have been adequately presented. The court therefore exercises its discretion and DENIES McDaniels' request for appointment of counsel. If the court determines on its own that appointment of counsel is warranted after reviewing the case further, it will appoint counsel.

This order terminates Dkt. No. 15.

**IT IS SO ORDERED.**

Dated: October 26, 2022

VINCE CHHABRIA
United States District Judge